(67 South. 934)

No. 21001.

STATE v. WEST.

(Feb. 23, 1915. Rehearing Denied March 22, 1915.)

*(Syllabus by Editorial Staff.)*

COMMERCE ⊚⇒31 — INTERSTATE COMMERCE — FORBIDDING IMPORTATION OF CITRUS PLANTS.

An ordinance of the State Board of Agriculture and Immigration, which prohibits the importation into the state of all kinds of citrus plants and parts thereof, is invalid as an interference with interstate commerce.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 24; Dec. Dig. ⊚⇒31.]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

R. A. West was indicted for violating an ordinance of the State Board of Agriculture and Immigration, and from a judgment quashing the indictment, the State appeals. Affirmed, and accused ordered released without day.

R. G. Pleasant, Atty. Gen., and Wm. H. McClendon, Dist. Atty., of Amite (G. A. Gondran, of New Orleans, of counsel), for the State. Clay Elliott, of Amite, for appellee.

PROVOSTY, J. The state has appealed from a judgment quashing the indictment against the accused, which indictment is under an ordinance or regulation of the State Board of Agriculture and Immigration, reading, as follows:

"In order to prevent the introduction of the dangerous citrus disease known as citrus canker, prevalent in the principal citrus growing states of the United States, but not found to be prevalent in Louisiana, the importation into this state of any and all kinds of citrus plants and parts of citrus plants from all the states of the United States, its territories and possessions and from all foreign countries, is hereby prohibited."

The information against the accused is in strict conformity with this ordinance; that is to say, it does not charge that the citrus plants imported by the accused were diseased, but simply charges that they were imported.

When the state of Missouri sought to prohibit the driving or conveying of any Texas cattle into the state between certain dates, as a protection against Texas fever, the Supreme Court of the United States held the statute to be void as being an interference with interstate commerce. Railroad Co. v. Husen, 95 U. S. 465, 24 L. Ed. 527. For the same reason, the ordinance or regulation, involved in this case is null.

The judgment appealed from is therefore affirmed, and the accused is ordered released without day.