SHORTESS, Judge.
The Livingston Parish Police Jury (Parish) brought suit against Milford Lee (Lee) seeking injunctive relief from Lee’s alleged violation of Section 10-8 of the Livingston Parish Code governing the establishment and operation of automobile salvage yards within Livingston Parish. After an eviden-tiary hearing, the trial court granted the Parish a preliminary injunction which, among other things, enjoined Lee, as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein granting the preliminary injunction against Milford Lee and prohibiting him from operating a salvage yard site without a permit and in violation of the provisions of Section 10-8 of the Livingston Parish Code.
Lee has appealed. The primary thrust of his appeal is that the ordinance is unconstitutionally vague, overly broad, and indefinite.
The ordinance provides, in pertinent part: ARTICLE I. DECLARATION
In order to provide for the health and welfare of the citizens of Livingston Parish, the Police Jury for the Parish of Livingston, State of Louisiana, hereby establishes regulations applicable to all property within Livingston Parish used for the purpose of storing junk, wrecked or damaged motor vehicles, which property is hereinafter referred to as “salvage yards[.”]
ARTICLE II. DEFINITIONS
1. The term “damaged, destroyed or wrecked vehicles” shall be construed to mean and include any wrecked vehicle stored for any reason whatsoever, including resale, repair, or sale as salvage materials.
2. Salvage Yard: Any privately owned area of the Parish wherein any vehicle as described above is stored.
The penalty provisions of the ordinance provide:
ARTICLE Y. PENALTIES
1. Each and every violation of any of the above restrictions shall be penal *1087 ized by imposing a $100.00 per day fin[e] and or thirty (30) day sentence to the Parish prison of the offender violating the restriction.
2. Each day a restriction is violated constitutes an[] independent violation of the ordinance herein, and separate penalties shall be administered accordingly-
The Parish is a Dillon’s Rule[1] unit of local government which exists pursuant to LSA-R.S. 33:1221, et seq. As a police jury, the Parish is a creature and subordinate political subdivision of the state, and, as such, possesses only those powers conferred on it by the state’s constitution and statutes.[2] La. Const. of 1974, art. VI, § 7(A); LSA-R.S. 33:1236; Rollins Environmental Services v. Iberville Parish Police Jury, 371 So.2d 1127 (La.1979); Callais Cablevision v. Houma Cablevision, 451 So.2d 6 (La.App. 1st Cir.), writ denied, 452 So.2d 1175 (La.1984).
Article V provides for its enforcement by fine and imprisonment per LSA-R-S. 33:1243; it does not provide for enforcement by injunction. Because there is no constitutional or statutory authority for the Parish to enforce its ordinance with an injunction, it does not have a right to do so. La.C.C.P. art. 927.
For these reasons, we reverse the decision of the trial court, as the Parish has no right of action. The Parish is taxed for the costs of this appeal of $292.00.
REVERSED AND RENDERED.

. See State v. West, 136 La. 867, 67 So. 934 (1915), citing Dillon on Municipal Corporations, (3d Ed.), vol. 1, pg. 19.

. The Parish remedy is provided by LSA-R.S. 33:1242, which provides as follows:
Police juries may enforce ordinances which they are authorized to pass, by fine or imprisonment, or both, and may prosecute by criminal process of indictment or information or by fine or forfeiture to be collected by civil process before any court of competent jurisdiction.